104544-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

NATTY CHASE,

     Plaintiff,

vs.

HOLIDAY CVS, LLC,

     Defendant.

_____/

## DEFENDANT'S, HOLIDAY CVS, LLC, NOTICE OF REMOVAL

     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, LLC, hereby removes the above-styled action from the Eleventh Judicial Circuit for Miami-Dade County, to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

     1.     Plaintiff filed this civil action against the Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Natty Chase v. Holiday CVS, LLC*, Case No. 2022-002070-CA-01.  A true and correct copy of all process and pleadings served upon CVS are attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. § 1447(b).

     2.     This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the CVS store located at 4800 Biscayne Blvd., Miami, Miami-Dade County, Florida. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex.1.

     3.     On or about February 9, 2022, the Plaintiff served Holiday CVS, LLC. *See* Verified Return of Service, dated February 9, 2022, attached hereto as part of Composite Ex. 1.

CASE NO. 2022-002070-CA-01

4.      On March 1, 2022, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint and Incorporated Motion to Strike. *See* Answer and Affirmative Defenses, attached hereto as Exhibit "2."

5.      Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).  No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

6.      This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, (2) the action is between citizens of different states, and (3) the defendant is not a citizen of Florida.

7.      The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff completed a civil cover sheet in which she stated that the estimated value of the claim was over $100,000.00, which demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See* The Civil Cover Sheet, attached hereto as Exhibit "3." Therefore, Defendant has met its burden in establishing the amount in controversy requirement. S*ee Archer v. Kelly*, 271 F.Supp.2d 1320, 1322 (N.D. Okla. 2003)(holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F.Supp.2d 805, 806 (W.D. Tex. 2008)(holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home*

CASE NO. 2022-002070-CA-01

*Depot U.S.A., Inc.*, 2012 WL 86986, *2 (Fla. S.D. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

8.      In addition, on March 11, 2022, counsel for Defendant requested counsel for Plaintiff stipulate to damages being lower than $75,000.00. Plaintiff's counsel declined.

9.      The Plaintiff, Natty Chase, is a resident of Miami-Dade County, Florida. *See* ¶ 2 of Plaintiff's Complaint, attached hereto as part of Composite Ex. 1. Consequently, the Plaintiff is presumed to be a citizen of the State of Florida.  *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

10.      The Plaintiff brought the claim against Holiday CVS, LLC, which is a single member LLC, its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2021 Annual Report, attached hereto as Exhibit "4". Therefore, Defendant, Holiday CVS, LLC is a citizen of the state of Rhode Island. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004))); *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

CASE NO. 2022-002070-CA-01

11.     Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island.  Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

12.     Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), Holiday CVS, LLC will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida and will provide written notice of this Notice of Removal to all parties via e-service.  A copy of the Notice of Filing is attached hereto as Exhibit "5".

Dated: 3/11/2022

Respectfully submitted,
/s/ Jacob J. Liro
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939 Facsimile:    (305) 441-1745
Attorneys for Holiday CVS, LLC

CASE NO. 2022-002070-CA-01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 11, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Jacob J. Liro

Jacob J. Liro, Esquire

## SERVICE LIST

James J. Soper, Esquire
Barket Lawyers
Concorde Building
66 West Flagler Street, 7th Floor
Miami, FL  33130
Telephone:      (305) 373-6711
Facsimile:      (305) 373-4770
pleadings@barketlawyers.com