104544-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-20752-BB

NATTY CHASE,

    Plaintiff,

vs.

HOLIDAY CVS, LLC,

    Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION TO STRIKE
PLAINTIFF'S CLAIM FOR PREJUDGMENT INTEREST AND MEMORANDUM OF
LAW IN SUPPORT THEREOF**

    COMES NOW Defendant HOLIDAY CVS, LLC and re-files its Motion to Strike Plaintiff's Claim for Interest pursuant to this Court's Order on Post-Removal Procedures, and Requiring Scheduling Report and Certificates of Interested Parties [DE 3], Local Rule 7.2, and Fed. R. Civ. P. 12(f)(2) and in support thereof states the following:

    1.    On February 3, 2022, Plaintiff filed a Complaint against Defendant in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida alleging Plaintiff sustained bodily injury when she came into contact with an alleged negligently maintained surface near the entrance to Defendant's store. *See* Plaintiff's Complaint [DE 1-2] at ¶¶ 5-12, attached hereto as Exhibit 1.

    2.    The "Wherefore Clause" of Plaintiff's Complaint demanded the following:

WHEREFORE, the Plaintiff, NATTY CHASE, demands judgment against Defendant, HOLIDAY CVS, LLC, a Florida Limited Liability Company, in an amount in excess of the jurisdictional amount of this Court, together with costs

CASE NO. 1:22-cv-20752-BB

and **interest**, and would further demand trial by jury on all issues so triable as of right.

Exhibit 1, Plaintiff's Complaint [DE 1-2], at p. 4 (emphasis added).

3. Under well-established Florida law, prejudgment interest is precluded in tort actions because they are viewed as too speculative to liquidate before a final judgment. *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So.2d 389, 390 (Fla. 1995).

4. Consequently, when Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint in the Circuit Court on March 1, 2022, Defendant included an incorporated Motion to Strike Plaintiff's claim for interest. *See* Defendant's Answer [DE 1-3] at p. 5, attached hereto as Exhibit 2.

5. On March 11, 2022, Defendant removed the matter to this Court on the basis of diversity jurisdiction. *See* Notice of Removal [DE 1], attached hereto as Exhibit 3.

6. At the time of removal, Defendant's incorporated Motion to Strike was pending in the Eleventh Judicial Circuit Court; thus, Defendant re-files its Motion to Strike pursuant to this Court's Order on Post-Removal Procedures, and Requiring Scheduling Report and Certificates of Interested Parties [DE 3] and Local Rule 7.2.

7. On March 24, 2022, Defendant's counsel spoke to Plaintiff's counsel on the issues raised in the motion, and Plaintiff's counsel advised that he does not oppose the subject re-filed Motion to Strike Plaintiff's Claim for Prejudgment Interest.

## MEMORANDUM OF LAW

In diversity actions, the courts in the Eleventh Circuit apply the state law governing the award of prejudgment interest. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir.

CASE NO. 1:22-cv-20752-BB

2007); *Houts v. USAA Cas. Ins. Co.*, 3:16-CV-754-J-39MCR, 2016 WL 9526568, at *3 (M.D. Fla. Dec. 12, 2016) (citing *Chavez v. Mercantil Commercebank, N.A.*, 601 Fed. Appx. 814, 815 (11th Cir. 2015)). Under Florida law, prejudgment interest does not have to be specifically pled. *See Phenion Dev. Group, Inc. v. Love*, 940 So. 2d 1179, 1182 (Fla. 5th DCA 2006); *Mercedes-Benz of N. Am., Inc. v. Florescue & Andrews Investments, Inc.*, 653 So. 2d 1067, 1068 (Fla. 4th DCA 1995); *see also Alhassid v. Bank of Am., N.A.*, 688 Fed. Appx. 753, 761 (11th Cir. 2017) ("Florida courts have held that prejudgment interest does not have to be pled. . . .").

In personal injury cases, however, prejudgment interest is unavailable to a plaintiff because damages—such as mental anguish and future pain and suffering—are too speculative to liquidate. *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 46 (Fla. 2010) (citing *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So.2d 389, 390 (Fla. 1995); *Amerace Corp. v. Stallings*, 823 So. 2d 389, 390 (Fla. 2002); and *Jackson Grain Co. v Hoskins*, 75 So. 2d 306, 310 (Fla. 1954)); *see also Houts*, 2016 WL 9526568, at *3 (citing *KMS Rest. Corp. v. Wendy's Int'l Inc.*, 194 Fed. Appx. 591, 595 (11th Cir. 2006)). Only if a personal injury "plaintiff can establish that he or she has suffered the loss of a vested property right" can a personal injury plaintiff recover prejudgment interest. *Amerace Corp. v. Stallings*, 823 So. 2d 110, 113 (Fla. 2002).

Under Federal Rule of Civil Procedure 12(f)(2), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon the motion made by a party. Fed. R. Civ. P. 12(f)(2). If a personal injury plaintiff pleads prejudgment interest for personal injury claims "[a]bsent an identified exception," a court may strike the plaintiff's claim for prejudgment interest. *See Rivera v. Aaron Rents, Inc.*, 8:07-CV-2190T30TGW, 2008 WL 638353, at *4 (M.D. Fla. Mar. 5, 2008); *Houts*, 3:16-CV-754-J-

CASE NO. 1:22-cv-20752-BB

39MCR, 2016 WL 9526568, at *3 ("Even though not a pure personal injury case, Plaintiff offers no reason why his claim for prejudgment interest on unliquidated damages should be exempt from the usual bar against prejudgment interest in personal injury cases. Accordingly, his claim for prejudgment interest is due to be stricken.").

Here, Plaintiff's Complaint seeks damages sourced in alleged personal injuries arising from alleged personal injuries sustained at Defendant's store. Exhibit 1, Plaintiff's Complaint [DE 1-2], at ¶¶ 5-12. In the Wherefore Clause, Plaintiff generally demands "interest." Exhibit 1, Plaintiff's Complaint [DE 1-2], at p. 4. And under Florida law, this demand may be sufficient to include a demand for prejudgment interest. *See, e.g.*, *Phenion Dev. Group, Inc.*, 940 So. 2d at 1182. Nowhere in the Compliant, however, does Plaintiff plead any exception to the general rule that prejudgment interest is unavailable in Florida personal injury cases. As a result, Plaintiff's demand for prejudgment interest should be stricken by this Court. *See Houts*, 3:16-CV-754-J-39MCR, 2016 WL 9526568, at *3.

## CONCLUSION

For the aforementioned reasons, Defendant respectfully requests this Honorable Court strike the Plaintiff's demand for prejudgment interest.

Dated: 3/25/2022

CASE NO. 1:22-cv-20752-BB

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I HEREBY CERTIFY, that pursuant to Local Rule 7.1(a)(3), Defendant's counsel spoke to Plaintiff's counsel on the issues raised in the motion, and Plaintiff's counsel advised that he does not oppose the motion.

Respectfully submitted,

*/s/ Jacob J. Liro*
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
Michael L. McCoy, Esquire (105374)
MMcCoy@wickersmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939
Facsimile:    (305) 441-1745
Attorneys for Holiday CVS, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 25, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Jacob J. Liro*
Jacob J. Liro, Esquire

CASE NO. 1:22-cv-20752-BB

## SERVICE LIST

James J. Soper, Esquire
Barket Lawyers
Concorde Building
66 West Flagler Street
7th Floor
Miami, FL  33130
Telephone:     (305) 373-6711
Facsimile:      (305) 373-4770
pleadings@barketlawyers.com