UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20752-BLOOM/Otazo-Reyes**

NATTY CHASE,

    Plaintiff,

v.

HOLIDAY CVS, LLC,

    Defendant.

_____/

**ORDER ON MOTION TO STRIKE
PLAINTIFF'S CLAIM FOR JUDGEMENT INTEREST**

**THIS CAUSE** is before the Court upon Defendant's Unopposed Motion to Strike Plaintiff's Claim for Prejudgment Interest, ECF No. [8] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted.

The "Wherefore Clause" of Plaintiff's Complaint demands the following:

> WHEREFORE, the Plaintiff, NATTY CHASE, demands judgment against Defendant, HOLIDAY CVS, LLC, a Florida Limited Liability Company, in an amount in excess of the jurisdictional amount of this Court, together with costs and *interest*, and would further demand trial by jury on all issues so triable as of right.

ECF No. [1-2] at 8 (emphasis added). In the instant Motion, Defendant seeks to strike Plaintiff's demand for prejudgment interest. *See* ECF No. [8]. Plaintiff does not oppose the relief sought. *See id.* at 5. Under well-established Florida law, prejudgment interest is precluded in tort actions because they are viewed as too speculative to liquidate before a final judgment. *See Lumbermens Mut. Cas. Co. v. Percefull*, 653 So.2d 389, 390 (Fla. 1995).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's demand for prejudgment interest in Plaintiff's Complaint, ECF No. [1-2] at 8, is **STRICKEN**.

Case No. 22-cv-20752-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record