UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 22-cv-20752-BLOOM/Otazo-Reyes

NATTY CHASE
Plaintiff,

v.

HOLIDAY CVS, LLC.
Defendant.
_____/

## MOTION TO REMAND

Plaintiff, NATTY CHASE, by and through her undersigned attorney files this Motion to Remand this case against Defendant HOLIDAY CVS, LLC. to state court, and as grounds states as follows:

### I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, NATTY CHASE, brought her civil action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida styled Natty Chase v. Holiday CVS, LLC, Case No. 2022-002070-CA-01. The complaint was served on February 9th, 2022. In her complaint, Plaintiff asserts a claim for personal injuries as a result of a trip and fall that occurred on Defendant's premises. Other than alleging the Florida jurisdictional amount for Circuit Court damages "in excess of $30,000.00", Plaintiff's Complaint does specify the amount of damages being claimed.

On March 11, 2022, Defendant filed a Notice of Removal to the United States District Court for the Southern District alleging the amount of controversy in this case exceeds $75,000.00. The Notice of Removal is based on a civil cover sheet that contained an estimated value by Plaintiff's

of the claim as over $100,000.00, as well as a brief conversation between Plaintiff and defense counsel where defense counsel asked Plaintiff's counsel to stipulate to damages being less than $75,000.00 and Plaintiff's counsel declined. Neither of these items can establish damages in excess of $75,000.00. The amount of the controversy must be apparent at the time the Notice of Removal is filed. The Defendant fails to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement of this court. As such, Defendant is not entitled to remove this action from state court. Plaintiff further seeks attorney's for having to file this motion.

## II. **MEMORANDUM OF LAW**

### A. Standard of Review

Removal jurisdiction only exists if the district court could have exercised original jurisdiction over the action. 28 U.S.C. § 1441(a). "Because removal jurisdiction significant raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F. 3d 405, 411 (11th Cir. 1999). "Any doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (*quoting Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). This strict construction of removal statutes also prevents exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction. *See Crowe v. Coleman*, 113 F3d 1536, 1538 (11th Cir.1997). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where the subject matter jurisdiction may be lacking it deprives a state court of its rights under the Constitution to resolve in its own courts." *Am. Tobacco Co.*, 168 F. 3d at 411.

A party removing a case from state to federal court has the burden of proving that federal jurisdiction exists. *See Rolling Green MHP, L.P.* v. Comcast SCH Holdings, L.L.C., 374 F3d 1020, 1022 (11th Cir. 2004). The party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. *See McCormick* v. *Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002) (per curium). Where, as here, a Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount of the controversy exceeds the jurisdictional requirement. *See Williams* v. *Best, Buy Co. Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001) (citing *Kirkland* v. *Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001) *see also Tapscott* v. *MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen* v. *Office Depot*, 204 F.3d 1069 (11th Cir. 2000). Further, in determining whether a subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); E.S.Y., Inc. v. Scottsdale Ins. Co., 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015).

**B. Defendant has failed to show this action meets the jurisdictional threshold for this court solely based on information contained in a civil cover sheet that is used for data collection and clerical processing only**

Defendant has failed to show this action meets the jurisdictional threshold of this court. Defendant relies on a civil cover sheet in which Plaintiff is asked to indicate an estimated amount of the claim. The estimated value of the claim placed on the civil cover sheet was over $100,000.00. Defendant attached the civil cover sheet as Exhibit 3 to its Notice of Removal. Defendant should be precluded for relying on such civil cover sheet for jurisdictional purposes. The cover sheet states on its face: "Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. **The amount of the claim shall not be used for any other purpose.**"

(See Defendant Notice of Removal, Exhibit #3, II. AMOUNT OF CLAIM) (See Civil Cover sheet attached hereto as Exhibit 1)

Furthermore, the Civil Cover Sheet states: "The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.). (See Civil Cover sheet attached as Exhibit 1)

As support, Defendant cites caselaw indicating past courts have found that pre-suit demand letters were adequate to establish jurisdictional threshold but makes no such allegations of any pre-suit demand letters in excess of $75,000.00 in this case, nor do they attach any. Even if there was a pre-suit demand letter in this case (which there isn't), "[P]re-suit demand letters do not automatically establish the amount in controversy absent specified damages, which are absent here. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction" See *Durshimer v. LM Gen. Ins. Co.,* Case No. 8:20-cv-2014-T-33AEP | M.D. Fla. Courts in this district have not considered or given little weight to pre-suit demand letters when determining whether the amount in controversy requirement has been satisfied. *See, e.g. Calhoun v. Con-Way Freight, Inc.*, 2010 WL 4062590, *2 (S.D. Fla. October 15, 2010).

Defendant's reliance on the civil cover sheet is misplaced. The *civil cover sheet* states on its face that "the information contained in it neither replace[s] nor supplement[s] the filing and service of pleadings or other documents as required by law," and that the requirement of filing the *civil cover sheet* is "for the purpose of reporting data pursuant to **section 25.075, Florida Statutes**."

(Doc. 15-1 (emphasis in original).) *See Naranja Princeton Cmty. Dev. Corp. v. Cornerstone Dev. Grp., Inc.*, 34 So. 3d 124, 126 n.1 (Fla. 3d DCA 2010)." *See Bell v. ACE Ins. Co. of Midwest, Case No.: 2:20-cv-309-JLB-NPM | M.D. Fla.*

"[U]nder Florida law, "[t]he estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose." Fla. R. Civ. P. Form 1.997 (emphasis added). To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data." See *Bell v. ACE.*

"The underlined text was added to the state court cover sheet by an amendment subsequent to the filing of the lawsuit. *See In re Amendments to Fla. Rules of Civil Procedure, Fla. Small Claims Rules, & Fla. Rules of Appellate Procedure-Jurisdiction*, 302 So. 3d 811 (Fla. 2020). The intent of that amendment was to "explain[ ]" that "the specific estimated dollar claim amount provided in the cover sheet c[an] [not] be used by the opposing party in the case for tactical reasons." Id. at 812. As such, the amended language set forth an explicit prohibition that was intended even before the clarifying language was added." See *Bell v. ACE.*

"Two other district courts in this district also considered, and rejected, a defendant's argument that the dollar amount stated on the state civil cover sheet was sufficient to meet the defendant's burden of establishing that the amount-in-controversy threshold had been met for purposes of the defendant's removal from state court. See *Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743, at

*3 n.3 (M.D. Fla. Oct. 26, 2020). But neither court considered the argument, which apparently was not made, that Florida law prohibits the use of the civil cover sheet for such a substantive purpose. Instead, both courts rejected the defendant's reliance on the state civil cover sheet on the ground that it was not sufficient by itself to satisfy the defendant's burden of establishing the amount in controversy exceeded the jurisdictional threshold. See, e.g., *Durshimer*, 2020 WL 5366721, at *2 (holding that the amount of damages stated in the cover sheet was not "compelling, considering the policy limit of $100,000, and absent any additional factual support"); Physicians Imaging-Lake City, LLC, 2020 WL 6273743, at *3 n.3 (holding that the estimate of damages contained in the state civil cover sheet, "unaccompanied by any supporting information," is "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000")." See *Bell v. ACE*

### C. **Florida Law prohibits the civil cover sheet to be used for any other purpose**

Public policy can be generally defined as a system of laws, regulatory measures, courses of action, and funding priorities concerning a given topic promulgated by a governmental entity or its representatives. In this instance, Florida Law prohibits the use of the Civil Cover Sheet for any other purpose. It intent of the Supreme Court of Florida and the legislature in this instance is crystal clear.

"The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)."

"Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose."

The Supreme Court of Florida did not stutter when it amended Florida Rule of Civil Procedure Form 1.997 (Civil Cover Sheet) to reflect the current language. In fact, it was amended to address this exact issue, <u>tactical</u> use of the civil cover sheet. In The Supreme Court of Florida Opinion Number No. SC19-1354, the Supreme Court states:

"Seven comments and one supplemental comment have been filed . . . The remainder of comments primarily contend that (1) new section II (Amount of Claim) of the form, which asks for the estimated dollar amount of the claim, is inconsistent with section 768.042(1), Florida Statutes (2019), which prohibits the amount of general damages sought from being stated in a complaint in a personal injury or wrongful death action, and (2) the specific estimated dollar claim amount provided in the cover sheet could be <u>used by the opposing party in the case for tactical reasons</u>. In its response to the comments, the Committee offers several amendments to the civil cover sheet form and instructions to address the various issues raised in the comments. . . . The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the suggested amendments. After reviewing the comments and the Committee's response, and determining that the suggested amendments adequately resolve the issues raised in the comments, the Court further amends the civil cover sheet form and instructions as suggested by the Committee. First, the Court amends section II (Amount of Claim) of the form to replace the dollar sign and space where the estimated dollar amount of the

claim is to be inserted with six claim amount range options, from "$8,000 or less" to "over $100,000.00." Two new sentences also are added to section II of the form explaining that "The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose." Similar explanatory language is added to the instructions to section II of the form. . . . It is so ordered. CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur."

Florida Statute 25.075, "Uniform case reporting system.—" empowered the Supreme Court of Florida with such discretion:

**25.075 Uniform case reporting system.—**

1) The Supreme Court shall develop a uniform case reporting system, including a uniform means of reporting categories of cases, time required in the disposition of cases, and manner of disposition of cases.

(2) If any clerk willfully fails to report to the Supreme Court as directed by the court, the clerk shall be guilty of misfeasance in office. *See In re Amendments to Fla. Rules of Civil Procedure, Fla. Small Claims Rules, & Fla. Rules of Appellate Procedure-Jurisdiction*, 302 So. 3d 811 (Fla. 2020).

To allow such use of the Civil Cover Sheet, directly in the face of the Supreme Court of Florida's intent, and the public policy behind it, would not only be unlawful, but would be a slap in the face of the judiciary and legislature of the State of Florida.

### D. Plaintiff's refusal to stipulate to damages is not sufficient to satisfy Defendant's burden

Additionally, Defendant argues that the amount in controversy requirement is met, because Plaintiff refused to execute a proposed joint stipulation on alleged damages limiting such damages to $75,000.00 or less. Refusal to stipulate in not sufficient to satisfy Defendant's burden of proof on the jurisdictional issue. See *Williams v. Best Buy Co., Inc., 269 F 3d. 1316, 1320 (11th Cir. 2001); Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1365 (M.D. Fla. 1998).* As the court in *Williams* held, there are numerous reasons why a plaintiff would refuse to stipulate that their damages do not exceed do not exceed $75,000.00. and "a refusal to stipulate…does not satisfy defendant's burden of proof on the jurisdictional issue. *Id.* at 1320.

establish jurisdiction by stating that Plaintiff's Counsel refused to stipulate the damages were under $75,000.00. Defendant Holiday CVS, LLC.'s counsel had asked undersigned counsel if he would be willing to stipulate that the amount in controversy is over or under $75,000. Undersigned Counsel is under no duty to make such stipulation, nor did he make such stipulation. Such omission should not be used for, nor is it indicative of, the amount of controversy in this case. Defendant has failed to prove by a preponderance of the evidence that this instant action meets the jurisdictional limit of this Honorable Court. The refusal of stipulate in this case is not sufficient to satisfy Defendant's burden of proof on the jurisdictional issue. See *Williams v. Best Buy Co., Inc., 269 F 3d. 1316, 1320 (11th Cir. 2001); Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1365 (M.D. Fla. 1998)*

### III. PLAINTIFF SHOULD BE AWARDED ATTORNEY'S FEES AND COSTS

This Court, in remanding an action, may "require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). A showing of bad faith is not required for an award of fees. *See Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001) *citing IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F. Supp.

9

1322 (M.D. Fla. 1990). Accordingly, Plaintiff respectfully requests that this Court award Plaintiff their reasonable costs and actual expenses incurred in responding to Defendants Notice of Removal.

## IV. CONCLUSION

The burden of establishing federal jurisdiction by a preponderance of the evidence rests upon the party seeking removal. This Court lacks jurisdiction because HOLIDAY CVS, LLC., has failed to meet its burden by proving the jurisdictional threshold has been met for federal jurisdiction. Any doubt about jurisdiction should be resolved in favor of remand to state court. Based on the foregoing, this case should be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, grant attorney's fees and costs to Plaintiff, and grant such other and further relief as may be just, necessary, and proper.

Dated April 11th, 2022

Respectfully Submitted,

By:   /s/ James. J. Soper
James J. Soper, Esquire
FBN: 0773522
BARKET LAWYERS
*Attorneys for Plaintiff*
7TH FLOOR- CONCORDE BUILDING
66 WEST FLAGLER STREET
MIAMI, FLORIDA, 33130
pleadings@barketlawyers.com
Telephone: (305) 373-6711
Facsimile (305)-373-4770

Case Number: 22-cv-20752-BLOOM

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify, in compliance with Local Rule 7.1(a)(3), I have made a good faith effort to resolve the issues presented in this motion with Defendant's counsel prior to filing this motion, however the parties could not resolve the same as Defendant opposes this motion.

/s/ James. J. Soper
James J. Soper, Esquire
FBN: 0773522

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on April 11, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing..

/s/ James. J. Soper
James J. Soper, Esquire
FBN: 0773522
BARKET LAWYERS
*Attorney for Plaintiff*
7TH FLOOR- CONCORDE BUILDING
66 WEST FLAGLER STREET
MIAMI, FLORIDA, 33130
pleadings@barketlawyers.com
Telephone: (305) 373-6711
Facsimile (305)-4770

## SERVICE LIST

Jacob J. Liro, Esquire
Wicker Smith O'Hara McCoy & Ford, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Telephone:      (305) 373-6711
Facsimile:      (305) 373-4770
JLiro@wickersmith.com

11

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Natty Chase</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Holiday CVS LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



EXHIBIT 1

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

　1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ TIMOTHY BARKET　　　　　Fla. Bar # 817198
　　　　　　Attorney or party　　　　　　　　　　(Bar # if attorney)

TIMOTHY BARKET　　　　　　　　　02/03/2022
(type or print name)　　　　　　　　　Date