UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20752-BLOOM/Otazo-Reyes

NATTY CHASE,

    Plaintiff,

v.

HOLIDAY CVS, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Natty Chase's ("Plaintiff") Motion to Remand, ECF No. [12] ("Motion"). Defendant Holiday CVS, LLC ("Defendant") filed a Response in Opposition, ECF No. [13] ("Response"). To date, Plaintiff has not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

### I. BACKGROUND

Plaintiff filed this action on February 3, 2022, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-2] at 5-8 ("Complaint"). In the Complaint, Plaintiff asserts a single count of negligence against Defendant. *See id.* ¶¶ 12-13. Defendant removed the case to this Court on March 11, 2022. *See* ECF No. [1]. According to Defendant, the Court has subject matter jurisdiction over the case because the parties are diverse and the amount in controversy exceeds $75,000.00. *See id.* ¶¶ 6-10. In support, Defendant notes that Plaintiff submitted a Civil Cover Sheet in which she stated that the estimated value of her

claim was over $100,000.00. *See id.* ¶ 7 (citing ECF No. [1-4] ("Civil Cover Sheet")). Defendant further notes that Defendant requested Plaintiff's counsel to stipulate to damages being lower than $75,000.00, and Plaintiff's counsel refused. *See id.* ¶ 8.

Plaintiff thereafter filed the instant Motion, arguing that the Court should remand the case because Defendant failed to prove by the preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See generally* ECF No. [12]. Plaintiff also seeks an award of attorneys' fees and costs incurred during the removal pursuant to 28 U.S.C. § 1447(c). *See id.* at 9-10. Defendant responds that it has established that the amount in controversy exceeds the jurisdictional threshold. *See generally* ECF No. [13]. Defendant also argues, in the alternative, that it had an objectively reasonable basis to seek removal and that an award of attorneys' fees and costs is not appropriate. *See id.* at 6-7. Lastly, Defendant argues that if the Court is inclined to remand the case, Defendant should be granted leave to serve one request for admission to Plaintiff regarding the value of Plaintiff's claim. *See id.* at 7.

## II. LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff

has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make

reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360. "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

### III. DISCUSSION

#### A. Evidence Regarding the Amount in Controversy

Plaintiff first argues that the Civil Cover Sheet Defendant relies upon cannot be the basis for establishing the jurisdictional threshold because the Civil Cover Sheet states that "[t]he amount of the claim shall not be used for any other purpose." ECF No. [12] at 3 (quoting ECF No. [1-3]) (emphasis omitted). In support, Plaintiff also notes that the instructions state that the "estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose." *Id.* at 5 (quoting Fla. R. Civ. P. Form 1.997) (emphasis omitted). Plaintiff quotes extensively from *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020), where the court noted that other courts have rejected the argument that the dollar amount stated on the civil cover sheet was sufficient to meet the burden of establishing the amount in controversy. Plaintiff also submits that the Supreme Court of Florida expressly held that it was amending the Civil Cover Sheet to include language stating that the "estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose" due to concerns that the dollar amount in the civil cover sheet "could be used by the opposing party in the case for tactical reasons." ECF No. [12] at 7-8 (quoting *In re Amends.*

4

*to Fla. Rules of Civ. Proc., Fla. Small Claims Rules , & Fla. Rules of App. Proc.-Jurisdiction*, 302 So. 3d 811, 812-13 (Fla. 2020)). Plaintiff further argues that a refusal to stipulate to the amount in controversy does not satisfy Defendant's burden of proof on the jurisdictional issue. *See id.* at 8-9. Plaintiff submits that in *Williams*, 269 F.3d at 1320, the Eleventh Circuit held that "a refusal to stipulate . . . does not satisfy [the defendant's] burden of proof on the jurisdictional issue." ECF No. [12] at 9.

Defendant fails to respond to Plaintiff's argument that the estimated amount of the claim in the Civil Cover Sheet is to be used for data collection and clerical processing purposes only. *See* ECF No. [13]. Defendant also concedes that it is not relying on Plaintiff's refusal to stipulate to the damages as the basis for establishing the amount in controversy. *See id.* at 6 ("Defendant does not base the amount in controversy on the fact that Plaintiff would not stipulate to damages."). Instead, Defendant maintains that the Court should consider the Civil Cover Sheet and the extent of Plaintiff's claimed injuries in the Complaint. Defendant relies on *Williams*, 269 F.3d at 1319, to argue that the Court can consider Plaintiff's alleged injuries to determine the amount in controversy. Defendant further submits that Plaintiff's reliance on *Bell*, 2020 WL 7396934, at *3, is unpersuasive because the court in that case did not hold that courts could not look to civil cover sheets. *See* ECF No. [13] at 5. Rather, according to Defendant, the court merely stated that the civil cover sheet, standing alone, was not sufficient to establish the amount in controversy. *See id.* (citing *Bell*, 2020 WL 7396934, at *3 n.6). Thus, Defendant argues that it met its burden through the Civil Cover Sheet and Plaintiff's alleged injuries.

The Court agrees with Plaintiff. First, while courts have allowed defendants to rely on civil cover sheets, courts have uniformly required additional evidence in conjunction with civil cover sheets. *See, e.g.*, *Bell*, 2020 WL 7396934, at *3 n.6 (noting that "courts rejected the defendant's

reliance on the state civil cover sheet on the ground that it was not sufficient by itself to satisfy the defendant's burden of establishing the amount in controversy exceeded the jurisdictional threshold"); *Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020) (holding that the amount of damages stated in the cover sheet was not "compelling, considering the policy limit of $100,000, and absent any additional factual support"); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co*., No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) (holding that the estimate of damages contained in the state civil cover sheet, "unaccompanied by any supporting information," is "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000").

Defendant fails to set forth any meaningful evidence for the Court to consider in tandem with the Civil Cover Sheet. As noted above, Defendant concedes that it is not relying on Plaintiff's refusal to stipulate to damages. *See* ECF No. [13] at 6. To the extent that Defendant relies on Plaintiff's alleged injuries and cites *Williams*, 269 F.3d at 1319, to argue that the Court can consider Plaintiff's allegations to determine the amount in controversy, the Court is not persuaded. The holding in *Williams* indicates the exact opposite – a plaintiff's allegations of extensive injuries in the complaint are insufficient to establish the amount in controversy. The Eleventh Circuit held that the district court in that case erred in finding that the defendant established the amount in controversy by citing extensive damages the plaintiff sought in the complaint. The Eleventh Circuit held that the plaintiff's allegations alone did not constitute a "developed record" and that the defendant needed to supplement the record. *See id.* at 1320 ("[N]either Best Buy nor Williams submitted any evidence relevant to the issue. We cannot say, on this record, that the amount in controversy more likely than not exceeds $75,000."). Further, in this case, Defendant is unable to

assign dollar figures to Plaintiff's claimed injuries to meaningfully argue that the amount in controversy exceeds $75,000.00.

As such, the Court determines that Defendant has failed to meet its burden by a preponderance of the evidence through the Civil Cover Sheet and Plaintiff's alleged injuries. The Court requires more to establish that the amount in controversy requirement is met. Thus, the Court remands the case to the Circuit Court for the Eleventh Judicial Circuit.[1]

**B. Attorneys' Fees and Costs**

Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *See* ECF No. [12] at 9-10. Defendant responds that the Court should not award attorneys' fees and costs because it acted reasonably prior to removal by attempting to confirm the value of Plaintiff's damages. *See* ECF No. [13] at 6-7. Defendant notes that Plaintiff's counsel, in response, refused to confirm or deny Plaintiff's damages or issue a demand letter. *See id.*

The Court agrees with Defendant. According to 28 U.S.C. § 1447(c), "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). As Defendant correctly points out, courts have held that if a defendant "acted reasonably based on the information available at the time of removal," then attorney's fees should not be granted. *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); *see also Ruiz v. Scottsdale Ins. Co.*, 21-22452-CIV, 2021 WL 4991241, at *2 (S.D. Fla. Aug. 30, 2021). Given Defendant's attempts to confer with Plaintiff to

---

[1] As a final note, Defendant's reliance on *Archer v. Kelly*, 271 F.Supp.2d 1320 (N.D. Okla. 2003), *Molina v. Wal-Mart Stores Tx.*, 535 F.Supp.2d 805 (W.D. Tex. 2008), and *Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986 (S.D. Fla. 2012), are unavailing. In all three cases, the removing defendants presented demand letters exceeding $75,000.00. *See Archer*, 271 F.Supp.2d at 1322 (noting a demand letter for $1,325,000.00), *Molina*, 535 F.Supp.2d at 807-08 (noting a demand letter for $100,000.00); *Scott*, 2012 WL 86986, at *3 (noting a demand letter for $500,000.00). In this case, Defendant has not presented a demand letter, and Plaintiff represents that there is no demand letter. *See* ECF No. [12] at 4.

determine the value of Plaintiff's damages before seeking removal, Defendant appears to have acted reasonably. As such, Plaintiff's request for attorneys' fees and costs is denied.

### C. Request for Jurisdictional Discovery

As a final note, Defendant seeks, in the alternative, leave to serve one request for admission to Plaintiff regarding the value of Plaintiff's claim. *See* ECF No. [13] at 7. Defendant reasons that once the Court remands the case to the Circuit Court for the Eleventh Judicial Circuit, Defendant will obtain confirmation that Plaintiff's claim is worth over $75,000.00, and both parties will have to expend attorneys' fees to remove the same matter back to this Court.

The Court is not persuaded. Defendant's request presupposes that Plaintiff's claims are indeed worth over $75,000.00 when it is entirely possible that Plaintiff's claim does not meet the threshold, preventing the case from being removed back to this Court. As such, Defendant's request for jurisdictional discovery is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [12]**, is **GRANTED IN PART AND DENIED IN PART**.
2. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
3. Plaintiff's request for attorneys' fees and cost is **DENIED**.
4. The Clerk of Court is directed to **CLOSE** this case.
5. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

Case No. 22-cv-20752-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record